IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBORAH WATSON,

Plaintiff,

-vs-                                                          CASE NO.: 3:14-cv-831-J-32PDB

STELLAR RECOVERY, INC.,

Defendant.
_____/

## COMPLAINT

Plaintiff, DEBORAH WATSON, by and through her undersigned counsel, sues the Defendant, STELLAR RECOVERY, INC., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Fair Debt Collections Practices Act, 15 U.S.C §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5), and 15 U.S.C. § 1692K(d).

4. Venue is proper in this District because the Defendant is incorporated in Florida, in this District, the Defendant transacts business in Florida, maintains a registered agent in this District in Jacksonville, Florida, and maintains an office and/or agent in this District.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Fulton County, Georgia.

6. Further, Defendant is a Florida Profit Corporation with an office for transacting business located in this District at 4500 Salisbury Road, Suite 105, Jacksonville, Florida.

7. The conduct of Defendant which gives rise to the cause of action herein alleged originated in this District.

8. Defendant, at all times material, was attempting to collect on an account and/or was making calls on an account belonging to "Mr. Harris" of whom Plaintiff has no knowledge (hereinafter the "subject account").

9. Defendant harassed and/or knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number a minimum of two (2) times a day from April, 2013 through June, 2013, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

10. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, a predictive dialer or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls") as each time Plaintiff answered one of Defendant's calls an automated or prerecorded message would immediately begin to play, advising if you were "Mr. Harris" to press #1.

11. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

12.     In approximately April, 2013, and possibly earlier, Plaintiff began receiving autodialer calls from Defendant on her cellular telephone number, (770) 771-4002, concerning a debt arising out of the subject account of Mr. Harris of which Plaintiff had no knowledge.

13.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (770) 771-4002, and was the called party and recipient of Defendant's autodialer calls.

14.     The autodialer calls from Defendant came from telephone numbers which included, but are not limited to: (877) 936-5292 and (706) 993-4939.

15.     After receiving several of these autodialer calls in April, 2013 from Defendant, Plaintiff answer a call and spoke with a representative of Defendant and told her that she did not know any "Mr. Harris," that Plaintiff personally did not owe them any money, and that they were calling the wrong number. Further, Plaintiff requested the calls from Defendant stop and to be taken off the Defendant's call list.

16.     Despite informing Defendant that she was not the person Defendant was attempting to contact, to stop calling, and that she did not owe the subject debt, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

17.     The autodialer calls from Defendant continued approximately, on average, two (2) to three (3) times a day from April, 2013, until approximately June, 2013 with approximately seventy-five (75) to one hundred (100) calls to Plaintiff's cellular telephone during that time period. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

18.     The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's

cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

19. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond April, 2013, when Plaintiff first advised Defendant that they were calling the wrong number, that she did not know "Mr. Harris," and to stop calling Plaintiff.

20. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that they are the wrong party, do not owe a debt to Defendant, that they do not know the person Defendant is attempting to contact, and advising Defendant to stop calling.

21. Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

22. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

23. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

24. Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant's placement of the calls.

25. Due to Defendant's constant autodialer calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and

actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

26. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-five (25) above as if fully stated herein.

27. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

28. Defendant violated the TCPA with respect to each of its autodialer calls to Plaintiff's cellular telephone number, and willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in April, 2013, that Defendant was calling the wrong number, that she did not owe the subject debt, and to stop calling Plaintiff.

29. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just

## COUNT II

### (Violation of the Fair Debt Collection Practices Act "FDCPA")

30. Plaintiff re-alleges paragraphs one (1) through twenty-five (25) above as if fully stated herein:

31. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1693 et seq., with respect to Plaintiff:

   (a) The Defendant violatd 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

   (b) The Defendant violated 15 U.S.C. § 1692(d) by conduct, the natural consequence of which is to harass, oppress, or abuse any person;

   (c) The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiff's phone to ring repeatedly.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Florida Bar # 0135534
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402

MVitoria@forthepeople.com
afloyd@forthepeople.com
**Attorney for Plaintiff**
